Carlos Makoto Taitano, State Bar No. 275820
Taitano & Taitano LLP
P.O. Box 326204
Hagatna, Guam 96932
Telephone:     (671) 777-0581
Email:          cmakototaitano@taitano.us.com

*Attorney for Applicant*
*Christopher Chahn Bahng*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re Ex Parte* Application of | ) |
| | ) Case Number: |
| Christopher Chahn Bahng, | ) |
| | ) ***EX PARTE* APPLICATION FOR ORDER** |
| Applicant. | ) **PURSUANT TO 28 U.S.C. § 1782** |
| | ) **AUTHORIZING DISCOVERY FOR USE** |
| | ) **IN FOREIGN PROCEEDINGS AND** |
| | ) **SUPPORTING MEMORANDUM** |
| | ) |
| | ) |

The Applicant, Christopher Chahn Bahng (hereinafter "**Applicant**"), hereby moves, *ex parte* under Section 1782 of Title 28 of the United States Code, for an order authorizing limited discovery for use in foreign proceedings (hereinafter "**Application**"). The Applicant seeks limited discovery from X Corp. (hereinafter "**X**"). This Application is supported by the supporting memorandum included herein and the Declarations of Christopher Chahn Bahng and Kyongsok Chong, which were filed contemporaneously herewith. The proposed subpoena to be served on X is attached to this Application as Exhibit A.

**SUPPORTING MEMORANDUM**

**I. BACKGROUND**

The Applicant is a singer and the leader of the South Korean boy band Stray Kids, and the Applicant resides in the Republic of Korea. Bahng Decl. ¶ 2.

An X user who uses the X handle "@cupldhrts" (hereinafter "**User 1**") and an X user who uses the X handle "@ningseles" (hereinafter "**User 2**", and collectively with User 1, hereinafter

"**Users**") posted deepfake videos of the Applicant that falsely depict the Applicant of making sexually explicit statements. *Id.* ¶¶ 4-10, 12, Exs. 1-5. The Applicant never consented to the deepfake videos being generated. *Id.* ¶ 11.

The Applicant has suffered significant harm to his reputation as a singer, and has suffered significant mental distress, physical stress, and humiliation, and the Applicant has been devastated by the sexually explicit manner in which he has been falsely depicted. *Id.* ¶ 14.

The X platform is a social media website operated by X[1]/. X has offices in Palo Alto and San Jose. Chong Decl. ¶ 6-7, Exs. 1-2. Internet users with an X account can post on the X platform[2]/.

The Applicant has filed a civil lawsuit on July 17, 2025 against the Users in the Seoul Eastern District Court in the Republic of Korea for defamation pursuant to Articles 750 and 751 of the Civil Act of the Republic of Korea (hereinafter "**Civil Case**"). Bahng Decl. ¶ 15; Chong Decl. ¶¶ 8-13. Despite the Applicant's efforts to identify the Users, the Applicant has been unable to determine the true identities of the Users, preventing the Applicant from serving the Users or otherwise proceeding with the Civil Case. Bahng Decl. ¶¶ 16-20; Chong Decl. ¶¶ 14-17.

The Users have committed the tort of defamation pursuant to Articles 750 and 751 of the Civil Act of the Republic of Korea. Chong Decl. ¶¶ 10-13. The Applicant has made out a prima facie case, the comments published by the Users meet the elements of the tort of defamation under Articles 750 and 751of the Civil Act of the Republic of Korea, and the Civil Case will withstand a motion to dismiss. Chong Decl. ¶ 13. However, to proceed with the Civil Case, the true identities of the Users are necessary. Bahng Decl. ¶¶ 18-20; Chong Decl. ¶¶ 14-17.

Therefore, the Applicant is asking that this Court authorize the Applicant to conduct limited discovery by serving a subpoena upon X, which is located in this district, to discover personal identifying information ("**PII**") that can be used to identify the true identities of the Users to serve

---

[1]/ Twitter, https://en.wikipedia.org/wiki/Twitter (last visited Dec. 15, 2023).
[2]/ partner11, *How to Post on X: A Step-by-Step Guide*, Solutions (Sep. 17, 2023), https://insightfulsocials.com/how-to-post-on-x/#:~:text=Login%20to%20Your%20X%20Account,need%20to%20sign%20up%20first..

*Ex Parte Application for an Order Pursuant to 28 U.S.C. § 1782*

the Users with legal process in the Civil Case, because there are no legal procedural means under the laws of the Republic of Korea to identify the true identities of the Users. Chong Decl. ¶¶ 15-17.

## II.  *EX PARTE* CONSIDERATION OF SECTION 1782 APPLICATION

Applications made under Section 1782 of Title 28 of the United States Code are typically considered on an *ex parte* basis, because "parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *IPCom GmbH & Co, KG v. Apple, Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014); *see In re Gliner*, 133 F.4th 927, 930 n.1 (9th Cir. 2025) (*citing In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976)). Therefore, orders granting Section 1782 applications typically only provide that discovery is "authorized," and, thus, the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any unfairness of granting the application *ex parte*. *In re Ex Parte Application Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016). Therefore, it is proper for this Court to consider this Application on an *ex parte* basis because adequate notice will be given to interested parties.

## III.  LEGAL STANDARD

Section 1782 permits district courts to authorize discovery where three requirements are satisfied: (1) the person from whom the discovery is sought "resides or is found" in the district of the district court where the application is made; (2) the discovery is "for use in a proceeding in a foreign or international tribunal"; and (3) the application is made by a foreign or international tribunal or "any interested person." *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019); 28 U.S.C. § 1782(a).

The Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.* identified four discretionary factors to be considered by a court when exercising its discretion to authorize

*Ex Parte Application for an Order Pursuant to 28 U.S.C. § 1782*

discovery pursuant to a Section 1782 application: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and, (4) whether the request is unduly intrusive or burdensome. *In re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*, 634 F.3d 557, 563 (9th Cir. 2011) (cleaned up) (*citing Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65, 124 S.Ct. 2466, 159 L.Ed. 355 (2004))*.*

The party seeking discovery need not establish that the information sought would be discoverable under the governing law in the foreign proceeding or that United States law would allow discovery in an analogous domestic proceeding. *See Intel*, 542 U.S. at 247, 261-63. "Section 1782 is a provision for assistance to tribunals abroad. It does not direct United States courts to engage in comparative analysis to determine whether analogous proceedings exist [in the United States]." *Id.* at 244 (words in brackets added).

A district court may order the production of documents or testimony for use in a foreign legal proceeding under Section 1782 as long as the disclosure would not violate a legally applicable privilege. *Id.* at 249.

"A district court's discretion is guided by the twin aims of Section 1782: providing efficient assistance to participants in international litigation, and encouraging foreign countries by example to provide similar assistance to U.S. courts." *In re Ex Parte Application of Med. Inc. Ass'n Smile Create*, No. 19-mc-80230-VKD, 2019 WL 4933582, at *2 (N.D. Cal. Oct. 7, 2019) (*citing Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376 F.3d 79, 84 (2d Cir. 2004)); *In re Gliner*, 133 F.4th at 931.

//

//

//

//

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IV.  ARGUMENT

### A.  The Applicant Satisfies All of the Requirements of Section 1782.

The Applicant satisfies all three requirements of Section 1782. The first requirement is satisfied because X "resides or is found" in this district for the reason that X maintains offices in San Jose and Palo Alto, which are in this district. Chong Decl. ¶¶ 6-7, Exs. 1-2; *see, e.g., Super Vitaminas, S.A.*, Case No. 17-mc-80125-SVK, 2017 WL 5571037, at \*2 (N.D. Cal. Nov. 20, 2017) (finding that an office within the district satisfies the requirement); *In re TPK Touch Sols. (Xiamen) Inc.*, Case No. 16-mc-80193-DMR, 2016 WL 6804600, at \*2 (N.D. Cal. Nov. 17, 2016) (finding subpoenaed party was "found" within the district because it maintained an in-district office); *In re Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1036-38 (N.D. Cal. 2016) (companies are found in a district where "they conduct systematic and continuous local activities in this district.").

To satisfy the second requirement, a formal proceeding in the foreign jurisdiction need not be currently pending, or even imminent. *Intel*, 542 U.S. at 259. Instead, all that is required by Section 1782 is that a "future proceeding is 'within reasonable contemplation.'" *Id.* (holding that discovery was proper under Section 1782 even though the applicant's complaint was still only in the investigative stage).  The second requirement is satisfied because the discovery sought is for purposes of the Civil Case that is pending in the Seoul Eastern District Court in the Republic of Korea. Bahng Decl. ¶¶ 15, 18-20; Chong Decl. ¶¶ 5, 8, 14-17.

The third requirement is satisfied because the Applicant, as the plaintiff in the Civil Case, is an interested person. Bahng Decl. ¶ 15; *see Intel*, 542 U.S. at 256 (litigants may be the most common example of interested persons).

Therefore, the Applicant satisfies all of the requirements of Section 1782 and this Court can authorize discovery from X.

### B.  The Supreme Court's *Intel* Factors Strongly Favor Granting the Application.

The discretionary factors identified by the Supreme Court in *Intel* weigh heavily in favor of the Court granting the Applicant's request for discovery.

The first *Intel* factor is "whether the person from whom discovery is sought is a participant in the foreign proceeding." *Intel*, 542 U.S. at 264. Under this factor, "the key issue is whether the

*Ex Parte Application for an Order Pursuant to 28 U.S.C. § 1782*

material is obtainable through the foreign proceeding." *In re Ex Parte Application Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *3 (N.D. Cal. Mar. 24, 2016). This is so, because "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach, hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel*, 542 U.S. at 264. X will be a nonparticipant in the Civil Case. Chong Decl. ¶ 18. Furthermore, X is located in this district. *Id.* ¶¶ 6-7, Exs. 1-2. For the foregoing reasons, X is outside the Republic of Korea's jurisdictional reach, and hence, evidence available in the United States from X is unobtainable by the Applicant absent Section 1782(a) aid. *Id.* ¶ 18; *see Intel*, 542 U.S. at 264. Therefore, this first factor weighs in favor of authorizing discovery.

The second *Intel* factor requires the Court to consider "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. "This factor focuses on whether the foreign tribunal is willing to consider the information sought." *In re Ex Parte Application Varian Med. Sys. Int'l AG*, 2016 WL 1161568, at *4. Under this factor, "courts look for authoritative proof that a foreign tribunal *would reject* evidence obtained with the aid of § 1782." *In re Application of Joint Stock Co. Raiffeinsenbank*, No. 16-mc-80203-MEJ, 2016 WL 6474224, at *5 (N.D. Cal. Nov. 2, 2016). In the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of Section 1782, courts tend to err on the side of permitting discovery. *See Palantir Techs., Inc. v. Abramowitz*, 415 F. Supp. 3d 907, 915 (N.D. Cal. 2019) (citation omitted). In the absence of evidence that a foreign court would object to the discovery of the information sought in the subpoena, or that a foreign court objects more generally to the judicial assistance of U.S. federal courts, this factor weighs in favor of authorizing discovery. *See, e.g., In re Med. Corp. H&S*, No. 19-mc-80058-VKD, 2019 WL 1230440, at *3 (N.D. Cal. Mar. 15, 2019) (In the absence of evidence that Japanese courts would object to the judicial assistance of U.S. federal courts, this factor weighs in favor of authorizing discovery).

There are no known restrictions imposed by, or any policies under, the laws of the Republic of Korea limiting U.S. federal court judicial assistance, and courts in the Republic of Korea are receptive to assistance in discovery by United States federal courts, including for discovery of PII

*Ex Parte Application for an Order Pursuant to 28 U.S.C. § 1782*

of individuals posting deepfake videos. Chong Decl. ¶¶ 19-20. In fact, courts of the Republic of Korea have sought judicial assistance from federal courts in this district and courts in this district have in the past granted Section 1782 discovery for use in proceedings in the Republic of Korea. *E.g., In re Request for Judicial Assistance from Seoul Central District Court in Seoul, Republic of South Korea*, Case No. 23-mc-800016-BLF, 2023 WL 2394545 (N.D. Cal. Mar. 7, 2023); *In re Starship Entertainment Co., Ltd.*, Case No. 23-mc-80147-BLF, 2023 WL 3668531 (N.D. Cal. May 24, 2023); *In re Ex Parte Application of: Ho Chan Kim*, Case No. 24-mc-80152-EJD, 2024 WL 3297071 (N.D. Cal. July 2, 2024).

Because there is evidence showing that courts in the Republic of Korea are receptive to United States federal court judicial assistance, and because there is nothing to show that courts in the Republic of Korea would object to discovery of the information sought by this Application, this factor weighs in favor of authorizing discovery.

The third *Intel* factor is whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 264-65. Courts have found that this factor weighs in favor of discovery where there is "nothing to suggest that [the applicant] is attempting to circumvent foreign proof gathering restrictions." *In re Google Inc.*, Case No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014); *see also In re Eurasian Natural Resources Corp.*, Case No. 18-mc-80041-LB, 2018 WL 1557167, at *3 (N.D. Cal. Mar. 30, 2018) (third *Intel* factor weighs in favor of discovery where there is "no evidence" of an attempt to circumvent foreign proof gathering restrictions or policies).

The Applicant is not attempting to circumvent any foreign proof-gathering restrictions or other policies of the Republic of Korea or the United States. Chong Decl. ¶ 21. Because there is nothing to suggest that the Applicant is attempting to circumvent foreign proof gathering restrictions or policies, this factor weighs in favor of authorizing discovery.

The fourth and final *Intel* factor is whether the discovery requested is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. Requests are unduly intrusive and burdensome where they are not narrowly tailored, request confidential information, and appear to be a broad "fishing

***Ex Parte Application for an Order Pursuant to 28 U.S.C. § 1782***

expedition" for irrelevant information. *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1043 (N.D. Cal. 2016). The discovery sought by the Applicant is narrowly tailored to seek only sufficient information to identify the Users, and is not unduly intrusive or burdensome, because the Applicant is seeking discovery of only PII such as names, dates of birth, addresses, telephone numbers, and e-mail addresses, and information that will lead to the discovery of PII such as banking information and the most recent ten access logs (the IP address and timestamp), which information is stored by X in the ordinary course of their business. Ex. A; Chong Decl. ¶¶ 27-35; *see, e.g., In re Starship Entertainment Co., Ltd.*, 2023 WL 5520772, at *1 (authorizing similar discovery sought in this Application).

The reason why the Users' name, address, and date of birth is being sought, is because to proceed with a civil case against a person in the Republic of Korea, the person must be identified and confirmed by his or her name, address, and date of birth. Chong Decl. ¶¶ 22-24. Even if the Applicant is unable to obtain the name, address, and date of birth from X because the information provided to X was fictitious, if the Applicant can obtain the telephone number or banking information of the Users, the Applicant can obtain a court warrant in the Republic of Korea to seek the name and date of birth of the Users from the Korean telecommunication company or bank. *Id.* ¶¶ 25-26.

The discovery of the access log, the IP address and the corresponding date and time that the IP address was used (commonly known as a timestamp) is reasonable and necessary because different IP addresses may be assigned by an internet service provider (hereinafter "**ISP**") every time that a user accesses the internet, and therefore, in order to identify a user by using an IP address, the time and date that the person was accessing the internet using the specific IP address is necessary. Chong Decl. ¶ 27(a)-(g). Therefore, without the IP address and the corresponding timestamp, an ISP in the Republic of Korea will be unable to pin-point the tortfeasor that was using the IP address at a certain point-in-time. *Id.* ¶¶ 28-30. In order for the ISP to disclose PII sufficient to identify the Users, and for the ISP to pinpoint the relevant person using an IP address at a certain time, the IP address and the corresponding timestamp are necessary. *Id.* Courts in this district have found subpoenas seeking access log for the same reason, but for longer periods of time than what

*Ex Parte Application for an Order Pursuant to 28 U.S.C. § 1782*

1  the Applicant is seeking in his subpoena, are narrowly tailored. Ex. A; *see, e.g., Medical*

2  *Corporation Seishinkai*, Case No. 22-mc-80282-EJD,  2023 WL 3726499, at *4 (N.D. Cal. May

3  30, 2023) (recent access log for more than a three month period found to be narrowly tailored);

4  *PM-International AG v. Meta Platforms, Inc.*, Case No. 22-mc-80290-SVK, 2022 WL 17477093,

5  at *4 (N.D. Cal. Dec. 6, 2022) (same); *In re Ex Parte Application of Bleach, Inc.*, Case No. 24-

6  mc-80021-PCP, 2024 WL 1898450, at *2 (N.D. Cal. Apr. 30, 2024) (same); *Bandai Namco Music*

7  *Live Inc.*, Case No. 24-mc-80058-BLF, 2024 WL 1078429, at *4 (N.D. Cal. Mar. 12, 2024) (recent

8  access log for very limited periods of time found to be narrowly tailored).

9      As for the scope of discovery, the Applicant is seeking PII registered at any time, and not

10  for a specified period of time, because the Users may have not planned to damage the Applicant

11  until a time near to when the comments were published, and as such, even if the currently registered

12  information is fictitious, the Users may have used their true identities in the past. *Id.* ¶ 31. Recent

13  PII is also relevant and necessary, because the Users may have not changed the PII that is not

14  displayed publicly. *Id.* ¶ 32.

15      Additionally, the subpoena does not seek the "contents" of any communications associated

16  with the Users or the accounts that the Users use in compliance with the Stored Communications

17  Act. 18 U.S.C. § 2701 *et seq.*; *see, e.g., Optiver Australia Pty. Ltd. & Anor. v. Tibra Trading Pty.*

18  *Ltd. & Ors.*, No. C 12-80242, 2013 WL 256771 (N.D. Cal. Jan. 23, 2013) (discussing prohibitions

19  under the Stored Communications Act); Ex. A.

20      Based upon the foregoing, the request by the Applicant is narrowly tailored, is seeking only

21  necessary relevant information, and is not unduly intrusive or burdensome, and, therefore, this

22  factor weighs in favor of authorizing discovery.

23  //

24  //

25  //

26  //

27  //

28  //

*Ex Parte Application for an Order Pursuant to 28 U.S.C. § 1782*

1

## V.  CONCLUSION

2        The Applicant satisfied all of the requirements of Section 1782, and all of the discretionary

3    *Intel* factors weigh in favor of authorizing discovery. In light of the twin aims of Section 1782 to

4    provide efficient assistance to foreign litigants and to encourage foreign countries by example to

5    provide similar assistance to United States courts, this Court should exercise its discretion to

6    authorize discovery from X so that the Applicant can conduct limited discovery to identify the

7    Users in order to proceed with the Applicant's Civil Case in the Republic of Korea.

8        Dated: September 1, 2025.

9                                    _____/s/ Carlos Makoto Taitano_____
10                                    CARLOS MAKOTO TAITANO
                                     Attorney for Applicant
11                                    Christopher Chahn Bahng

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Ex Parte Application for an Order Pursuant to 28 U.S.C. § 1782*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | |
|---|---|
| In re Ex Parte Application of | ) |
| Christopher Chahn Bahng, | ) |
| | ) |
| *Applicant.* | )     Civil Action No. |
| | ) |
| | ) |
| | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                      X Corp.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment 1

| Place: By email to: cmakototaitano@taitano.us.com; or | Date and Time: |
|---|---|
|      at: Warp9, c/o Carlos M. Taitano, | |
|      480 Clementina St., #A, San Francisco, CA 94103 | |

   ☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

   The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   _____

| | | |
|---|---|---|
| *CLERK OF COURT* | | |
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

Christopher Chahn Bahng _____ , who issues or requests this subpoena, are:

Carlos M. Taitano, P.O. Box 326204, Hagatna, Guam 96932; cmakototaitano@taitano.us.com; (671) 777-0581

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# Exhibit A

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Exhibit A

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---

## Exhibit A

## Attachment 1

To: X Corp.

The Applicant **Christopher Chahn Bahng** hereby requests that **X Corp.** ("you") produce to his attorney, Carlos M. Taitano, Esq., any and all of the DOCUMENTS described under the heading "II. REQUEST FOR PRODUCTION."

## I. DEFINITIONS

1.      The word "DOCUMENT" or "DOCUMENTS" means "documents," "electronically stored information," or "tangible things," as those terms are used in Rules 34(a) and 45 of the Federal Rules of Civil Procedure. Where a DOCUMENT has been prepared in several copies, or where additional copies have been made that are not identical or are no longer identical by reason of subsequent notation, highlighting or other modification of any kind whatsoever including, but not limited to, notations on the back of pages thereto, each nonidentical copy shall be considered a separate DOCUMENT. A DOCUMENT that is "electronically stored information" shall be produced in portable document format (commonly known as "PDF") with Bates numbering and appropriate confidentiality designations, along with searchable metadata databases.

2.      The word "ACCOUNTS" means the X accounts with the handles @cupldhrts and @ningseles.

3.      The word "ALL" means "each, any and all."

## II. REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1.**   DOCUMENTS sufficient to show the following information ever registered with the ACCOUNTS:

        (i)      ALL names;
        (ii)     ALL dates of birth;
        (iii)    ALL addresses;
        (iv)    ALL e-mail addresses;
        (v)     ALL telephone numbers; and
        (vi)    ALL bank names and the account numbers of bank accounts.

**REQUEST FOR PRODUCTION NO. 2.**  DOCUMENTS sufficient to show ten access logs (IP addresses and corresponding dates and times) of the ACCOUNTS that were recorded immediately prior to the date that you respond to this request.

*Attachment 1 to Subpoena to X Corp.*

## Exhibit A