Carlos Makoto Taitano, State Bar No. 275820
Taitano & Taitano LLP
P.O. Box 326204
Hagatna, Guam 96932
Telephone: (671) 777-0581
Email: cmakototaitano@taitano.us.com

*Attorney for Applicant*
*Christopher Chahn Bahng*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| *In re Ex Parte* Application of<br><br>Christopher Chahn Bahng,<br><br>Applicant. | Case Number: 25-mc-80260-BLF<br><br>**FIRST SUPPLEMENT TO *EX PARTE* APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782 AUTHORIZING DISCOVERY FOR USE IN FOREIGN PROCEEDINGS AND SUPPORTING MEMORANDUM** |

The Applicant, Christopher Chahn Bahng (hereinafter "**Applicant**"), hereby supplements his *ex parte* application under Section 1782 of Title 28 of the United States Code, for an order authorizing limited discovery for use in foreign proceedings (hereinafter "**Supplement**"). This Supplement is supported by the record of this case.

## SUPPORTING MEMORANDUM

### I. BACKGROUND

The Applicant is a singer and the leader of the South Korean boy band Stray Kids, and the Applicant resides in the Republic of Korea. ECF No. 1-1, ¶ 2.

A user on the X platform operated by X Corp. (hereinafter "**X**") who uses the X handle "@cupldhrts" (hereinafter "**User 1**") and an X user who uses the X handle "@ningseles" (hereinafter "**User 2**", and collectively with User 1, hereinafter "**Users**") posted deepfake videos

of the Applicant that falsely depict the Applicant as making sexually explicit statements. *Id.* ¶¶ 4-10, 12, Exs. 1-5. The Applicant never consented to the deepfake videos being generated. *Id.* ¶ 11.

The Applicant has suffered significant harm to his reputation as a singer caused by the deepfake videos, and has suffered significant mental distress, physical stress, and humiliation, and the Applicant has been devastated by the sexually explicit manner in which he has been falsely depicted. *Id.* ¶ 14.

The Applicant has filed a civil lawsuit on July 17, 2025 against the Users in the Seoul Eastern District Court in the Republic of Korea for defamation pursuant to Articles 750 and 751 of the Civil Act of the Republic of Korea (hereinafter "**Civil Case**"). ECF No. 1-1, ¶ 15; ECF No. 1-2, ¶¶ 8-13. Despite the Applicant's efforts to identify the Users, the Applicant has been unable to determine the true identities of the Users, preventing the Applicant from serving the Users or otherwise proceeding with the Civil Case. ECF No. 1-1, ¶¶ 16-20; ECF No. 1-2, ¶¶ 14-17.

The Users have committed the tort of defamation pursuant to Articles 750 and 751 of the Civil Act of the Republic of Korea. ECF No. 1-2, ¶¶ 10-13. The Applicant has made out a prima facie case, the comments published by the Users meet the elements of the tort of defamation under Articles 750 and 751of the Civil Act of the Republic of Korea, and the Civil Case will withstand a motion to dismiss. ECF No. 1-2, ¶ 13. However, to proceed with the Civil Case, the true identities of the Users are necessary. ECF No. 1-1, ¶¶ 18-20; ECF No. 1-2, ¶¶ 14-17.

Therefore, on September 1, 2025, the Applicant filed his *ex parte* application in this Court (hereinafter "**Original Application**") asking this Court to authorize the Applicant to conduct limited discovery by serving a subpoena upon X, which is located in this district, to discover personal identifying information ("**PII**") that can be used to identify the true identities of the Users to serve the Users with legal process in the Civil Case, because there are no legal procedural means under the laws of the Republic of Korea to identify the true identities of the Users. ECF No. 1-2, ¶¶ 15-17.

On September 5, 2025, this Court granted the Original Application. ECF No. 8. Subsequently, the Applicant served the subpoena upon X, X served the Applicant with its

objections to the subpoena, and the Applicant and X met and conferred concerning the subpoena. X has declined to produce the requested information absent the Applicant filing an amended application with this Court requesting this Court to conduct a First Amendment analysis of the subpoena.

## II. LEGAL STANDARD

Section 1782 permits district courts to authorize discovery where three requirements are satisfied: (1) the person from whom the discovery is sought "resides or is found" in the district of the district court where the application is made; (2) the discovery is "for use in a proceeding in a foreign or international tribunal"; and (3) the application is made by a foreign or international tribunal or "any interested person." *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019); 28 U.S.C. § 1782(a).

The Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.* identified four discretionary factors to be considered by a court when exercising its discretion to authorize discovery pursuant to a Section 1782 application: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and, (4) whether the request is unduly intrusive or burdensome. *In re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*, 634 F.3d 557, 563 (9th Cir. 2011) (cleaned up) (*citing Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65, 124 S.Ct. 2466, 159 L.Ed. 355 (2004)).

The party seeking discovery need not establish that the information sought would be discoverable under the governing law in the foreign proceeding or that United States law would allow discovery in an analogous domestic proceeding. *See Intel*, 542 U.S. at 247, 261-63. "Section 1782 is a provision for assistance to tribunals abroad. It does not direct United States courts to

engage in comparative analysis to determine whether analogous proceedings exist [in the United States]." *Id.* at 244 (words in brackets added).

A district court may order the production of documents or testimony for use in a foreign legal proceeding under Section 1782 as long as the disclosure would not violate a legally applicable privilege. *Id.* at 249.

"A district court's discretion is guided by the twin aims of Section 1782: providing efficient assistance to participants in international litigation, and encouraging foreign countries by example to provide similar assistance to U.S. courts." *In re Ex Parte Application of Med. Inc. Ass'n Smile Create*, No. 19-mc-80230-VKD, 2019 WL 4933582, at *2 (N.D. Cal. Oct. 7, 2019) (*citing Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376 F.3d 79, 84 (2d Cir. 2004)); *In re Gliner*, 133 F.4th 927, 931 (9th Cir. 2025).

## III. ARGUMENT

### A. The Applicant Continues to Satisfy All of the Requirements of Section 1782 and the Supreme Court's *Intel* Factors Continue to Strongly Favor Granting the Application.

This Court determined that the Applicant satisfies all three requirements of Section 1782 and all four *Intel* factors. ECF No. 8.

Without conceding that this is procedurally necessary, in a good faith attempt to resolve this discovery dispute with X without motion practice and to accommodate X's request, the Applicant asks this Court to determine whether the First Amendment is implicated or otherwise applicable in this Case through this Supplement.

### B. The First Amendment is not implicated at this preliminary procedural juncture.

It is well-settled that the First Amendment protects a publisher's and an author's decision to remain anonymous. *In re Gliner*, 133 F.4th at 933. However, the First Amendment may not protect some speakers at all. *Id.* at 934. Foreign citizens outside U.S. territory do not possess rights under the U.S. Constitution, including those under the First Amendment. *Id.*

In this case, the Users are X users who posted deepfake videos which concern the Applicant who resides in the Republic of Korea. ECF No. 1-1, ¶¶ 2, 4-9, Exs. 1-5. At this preliminary procedural juncture, the record contains no evidence that the Users are U.S. citizens or present in the United States. Accordingly, the First Amendment is not implicated at this stage. *See In re Gliner*, 133 F.4th at 934 ("[A]t this preliminary procedural juncture, no evidence suggests that the [anonymous speaker] is a U.S. citizen or is present in the United States.").

## IV. CONCLUSION

The Applicant satisfied all of the requirements of Section 1782, all of the discretionary *Intel* factors weigh in favor of authorizing discovery, and the First Amendment is not implicated at this preliminary procedural juncture. In light of the twin aims of Section 1782 to provide efficient assistance to foreign litigants and to encourage foreign countries by example to provide similar assistance to United States courts, this Court should exercise its discretion to authorize discovery from X so that the Applicant can conduct limited discovery to identify the Users in order to proceed with the Applicant's Civil Case in the Republic of Korea. The Applicant will provide a courtesy copy of this Supplement and any decision of this Court to X unless this Court orders the Applicant to do otherwise.

Dated: December 18, 2025.

/s/ Carlos Makoto Taitano
CARLOS MAKOTO TAITANO
Attorney for Applicant
Christopher Chahn Bahng