J. Jonathan Hawk (SBN 254350)
Ari R. Swazer (SBN 359884)
**MCDERMOTT WILL & SCHULTE LLP**
2049 Century Park East, Suite 3200
Los Angeles, CA  90067-3206
+1 310 277 4110
jhawk@mwe.com

*Attorneys for X Corp.*

Carlos M. Taitano (SBN 275820)
cmakototaitano@taitano.us.com
**TAITANO & TAITANO LLP**
P.O. Box 326204
Hagatna, Guam 96932
Telephone: (671) 777-0581

*Attorney for Applicant*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| In Re *Ex Parte* Application of Christopher Chahn Bahng,<br><br>　　　　　Applicant. | Case No. 25-mc-80260-BLF<br><br>**STIPULATED PROTECTIVE ORDER** |

1. <u>BACKGROUND</u>

On September 1, 2025, Applicant Christopher Chahn Bahng ("Applicant") filed an *ex parte* Application for an Order Pursuant to 28 U.S.C. § 1782 Authorizing Discovery for Use in a Foreign Proceeding, seeking discovery from X Corp. for use in a Korean civil proceeding.  *See* ECF 1.

a. <u>Requested Information</u>

The Application seeks identifying information for X account holders with the X handles @cupldhrts and @ningseles (the "Accounts" or the "Anonymous Individuals"). The Subpoena includes two requests for production.  *See* ECF 1-1 at Ex. A.

- DOCUMENTS sufficient to show the following information ever registered with the ACCOUNTS: (i) ALL names, (ii) ALL dates of birth, (iii) ALL addresses, (iv) ALL e-mail addresses, (v) ALL telephone numbers, and (vi) ALL bank names and the account numbers of bank accounts.
- DOCUMENTS sufficient to show ten access logs (IP addresses and corresponding dates and times) of the ACCOUNTS that were recorded immediately prior to the date that you respond to this request.

b. <u>The Application</u>

Applicant argues that the threshold requirements of Section 1782 were satisfied and that all four discretionary *Intel* factors weighed in favor of granting the Application. ECF 1 at 5-10.

Applicant argues the threshold requirements of Section 1782 are met because (1) X Corp. "is found" in the district because it has offices in San Jose and Palo Alto; (2) the Korean civil actions are within reasonable contemplation because Applicant filed a lawsuit for defamation in the Seoul Eastern District Court in South Korea; and (3) Applicant, as the plaintiff is an interested person. *Id.*

Applicant also argues the discretionary *Intel* factors weighed in favor of granting the Application. *Id.* at 8-10.

The first *Intel* factor weighs in favor of authorizing discovery because X Corp. is a nonparticipant in the civil proceeding and therefore outside of Korea's jurisdictional reach. *Id.* at

2

5-6.

The second *Intel* factor weighs in favor of authorizing discovery because there was no evidence that Korea would object to discovery of the information sought in the subpoena. *Id.* at 6-7.

The third *Intel* factor weighs in favor of authorizing discovery because there is nothing to suggest that Applicant seeks "to circumvent foreign proof gathering restrictions or other policies of a foreign country or the United States." *Id.* at 7. As part of this inquiry, multiple courts in the Northern District of California have acknowledged that this factor may weigh against an application that attempts to undermine the First Amendment's purpose without justification. *In re Plan. & Dev. of Educ., Inc.*, No. 21-MC-80242-JCS, 2022 WL 228307, at *4 (N.D. Cal. Jan. 26, 2022); *see also In re Tagami*, No. 21-MC-80153-JCS, 2021 WL 5322711, at *3 n.1 (N.D. Cal. Nov. 16, 2021). In granting those applications, the court determined that the speech at issue "likely would not be protected by the First Amendment even in the United States." *Id.*

Applicant has submitted sworn declarations and exhibits detailing specific posts by the Accounts of deep fake videos that allegedly depict Applicant in a false and damaging light. (Decl. of Chahn Bahng). These materials are sufficient to make a prima facie showing under applicable Korean law. Moreover, the balance of harms also favors disclosure. The speech at issue does not constitute core political or public-interest expression but instead consists of targeted deepfake videos falsely depicting the Applicant as making sexually explicit statements. The Applicant's need for the information is compelling because to proceed with a civil case against a person in the Republic of Korea, the person must be identified and confirmed by his or her name, address, and date of birth, making identification essential to prosecute the claims. Accordingly, the third *Intel* factor weighs in favor of authorizing discovery.

The fourth *Intel* factor weighs in favor of authorizing discovery because the Application is "narrowly tailored" and for the "limited purpose" of identifying the Anonymous Individual in order to proceed with the Applicant's Civil Case in the Republic of Korea. The Application shows that the identifying information is required for Applicant to proceed with his civil case against the

3

Anonymous Individuals in the Republic of Korea, because the person must be identified and confirmed by his or her name, address, and date of birth. ECF 1 at 8. The Application and the accompanying Declaration of Korean attorney Kyonsok Chong show that the identifying information sought by the subpoena is narrowly tailored to identify the Anonymous Individuals and seeks necessary information—i.e., the personal identifying information for the Anonymous Individuals required for the civil lawsuit to proceed. *See* ECF 1-2 at ¶ 15.

The Application also makes a prima facie case for defamation under Korean law, which warrants unmasking anonymous individuals on the internet, particularly given Applicant's need for the information so that the users can be named in civil litigation proceedings in Korea, thus outweighing interests those users may have to remain anonymous under these circumstances. *See* ECF 1-2 ¶ at 13. The Chong declaration concludes that the posts identified in the Application are sufficient to state a claim for defamation under Korean law. *Id.*

The accompanying Declaration of Christopher Chahn Bahng states that the anonymous users' actions harmed his reputation through the publication of false, sexually explicit, and racially derogatory deepfake videos depicting him. ECF 1-1 at ¶ 14. The Bahng declaration notes that in May 2025, @cupldhrts published multiple deepfake videos concerning Mr. Bahng. *Id.* at ¶¶ 4–8. It also notes that @ningseles reposted several of those videos. *Id.* ¶¶ 6–7. The Bahng declaration further states that a post from @cupldhrts indicates that the user knew the videos were fake at the time they were posted. *Id.* at ¶ 9. The declaration also sets out the harm Mr. Bahng alleges he suffered as a result, including reputational injury and mental and physical distress, particularly in light of his public profile as a well-known singer and the leader of the internationally recognized group Stray Kids. *Id.* at ¶ 2, 14.

In sum, Applicant argues that the Section 1782 and *Intel* discretionary factors are satisfied.

c.   The Court's Order dated September 5, 2025

On September 5, 2025, the Court issued an Order granting Applicant's *ex parte* Application and allowed the subpoena to be served on X Corp. ECF 8. On January 28, 2026, the Court issued an Amended Order granting Applicant's *ex parte* Application. By granting the Application, the

Court has found that the Section 1782 statutory requirements have been satisfied, the *Intel* factors weigh in favor of granting the Application, and that in light of the particular circumstances of this case, unmasking the anonymous individual would not infringe on any person's First Amendment rights. (Amended Order at 5).

### d. The Parties' Conferral

After the Court granted the Application *ex parte*, the parties conferred regarding the Subpoena and the Court's Order. On September 10, 2025, Applicant's counsel served the Subpoena on X Corp.

### 2. SCOPE OF PROTECTIVE ORDER

Pursuant to the Court's September 5, 2025 Order and January 28, 2026 Amended Order, X Corp. agrees to produce data that is limited to basic subscriber information ("BSI"), including IP logs, that X Corp. may permissibly produce under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq*., including the Stored Communications Act, 18 U.S.C. §§ 2701 *et seq*. ("SCA"), to the extent it exists and is reasonably accessible. Specifically, X Corp.'s counsel has clarified and agreed to this with Applicant's counsel that, by way of the contemplated Subpoena, Applicant is seeking only the name, date(s) of birth, addresses, email address, phone number, IP logs, and payment information associated with the at-issue accounts (@cupldhrts and @ningseles), to the extent such data exists and is included in BSI (the "Identifying Information").

The Parties agree that the Identifying Information may not be used in any criminal proceeding. The Identifying Information produced in accordance with this Protective Order must be used solely for purposes of the Korean civil proceeding discussed in the Application against the Anonymous Individual(s), and shall not be disclosed to or discussed with any person other than: (i) employees of Applicant and his affiliates that execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as **Exhibit A**; (ii) the undersigned counsel for Applicant; (iii) counsel in the Korean civil proceeding; (iv) management company of Applicant to the extent that the review of such information is required for the conduct of the Korean civil proceeding; (v) any fact or expert witnesses in the Korean civil proceeding; (vi) certified court reporters and their

support personnel involved in taking testimony in the Korean civil proceeding by any means including, without limitation, by videotape; (vii) the Court and any person employed by the Court whose duties require access to any Identifying Information; (viii) the Korean court(s) and any person employed by the Korean court(s) whose duties require access to any Identifying Information; and (ix) any other person to whom X Corp. agrees in writing.

3.      DURATION OF PROTECTIVE ORDER

Even after final disposition of the Korean civil proceeding, the confidentiality obligations imposed by this Order shall remain in effect until X Corp. agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in the Korean civil proceeding, with or without prejudice; and (2) final judgment hereinafter the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of the Korean civil proceeding, including the time limits for filing any motions or applications for extension of time under applicable law.

4.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If Applicant learns that, by inadvertence or otherwise, he has disclosed any Identifying Information to any person or in any circumstance not authorized under this Stipulated Protective Order, Applicant must immediately (a) notify X Corp. in writing of the unauthorized disclosures, (b) use his best efforts to retrieve all unauthorized copies of the Identifying Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as **Exhibit A**.

5.      INADVERTENT   PRODUCTION   OF   PRIVILEGED   OR   OTHERWISE PROTECTED MATERIAL

The inadvertent production by X Corp. of documents or information subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, will not waive the applicable privilege and/or protection. When X Corp. gives notice to Applicant that certain inadvertently produced material is subject to a claim of privilege or other protection,

6

Applicant's obligations are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

IT IS SO STIPULATED.

Date: May 1, 2026                                    **MCDERMOTT WILL & SCHULTE LLP**

By: */s/ J. Jonathan Hawk*
J. Jonathan Hawk

*Counsel for X Corp.*

**TAITANO & TAITANO LLP**

By: */s/ Carlos M. Taitano*
Carlos M. Taitano

*Counsel for Applicant*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Date: _____          _____
                                                         Hon. Beth Labson Freeman

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *In Re Ex Parte Application of Christopher Chahn Bhang*, Case No. 25-mc-80260-BLF. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

8

STIPULATED PROTECTIVE ORDER
Case No. 25-mc-80260-BLF

**FILER'S ATTESTATION OF CONCURRENCE**

Pursuant to Civil Local Rule 5-1(i)(3), I attest that I am counsel for the Applicant Christopher Chahn Bahng. As the ECF user and filer of this document, I attest that concurrence in the filing of this document has been obtained from its signatories.

Respectfully Submitted,

Dated: May 6, 2026                    **TAITANO & TAITANO LLP**

By: /s/ Carlos M. Taitano
    CARLOS M. TAITANO
    Attorney for Applicant
    Christopher Chahn Bahng

9

STIPULATED PROTECTIVE ORDER
Case No. 25-mc-80260-BLF